UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SABRINA FAY LOFTON, | ) | CASE NO. 19-23136 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R. CASSLING |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **September 10, 2019,** at **9:30 a.m.**, I shall appear before the Honorable Donald R. Cassling, Bankruptcy Judge, in Courtroom 619, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in his place, and shall present and request an immediate hearing on a **Motion To Dismiss For Cause Under § 707(a), With Prejudice Under § 349(a) And With A Two Year Bar To Refiling**, a copy of which is attached hereto and is herewith served upon you.

*/s/ Roman L. Sukley*
Roman L. Sukley, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois   60604
(312) 886-3324

## CERTIFICATE OF SERVICE

I, Roman L. Sukley, an attorney, state that on August 30, 2019, pursuant to Local Rule 9013-1(D) the **Notice of Motion** and **Motion To Dismiss For Cause Under § 707(a), With Prejudice Under § 349(a) And With A Two Year Bar To Refiling** were filed and served on all parties, either via the Court's Electronic Notice for Registrants or via First Class Mail, as indicated on the service list below.

*/s/ Roman L. Sukley*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice:**

Phillip D. Levey:     levey47@hotmail.com, plevey@ecf.axosfs.com
Patrick S. Layng:     USTPRegion11.ES.ECF@usdoj.gov

**Parties Served via First Class Mail:**

Sabrina Fay Lofton
1232 W. 97 Place
Chicago, IL 60643

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SABRINA FAY LOFTON, | ) | CASE NO. 19-23136 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R. CASSLING |

**MOTION TO DISMISS FOR CAUSE UNDER § 707(a), WITH PREJUDICE UNDER § 349(a) AND WITH A TWO YEAR BAR TO REFILING**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Roman L. Sukley, hereby requests that the Court enter an order dismissing this case with prejudice and barring Sabrina Fay Lofton ("Debtor") from refiling in the United States Bankruptcy Court for the Northern District of Illinois for two (2) years. In support of his request, the U.S. Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

**BACKGROUND**

3. On August 16, 2019, the Debtor filed a *pro se* voluntary petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code, initiating case number 19-23136 ("Present Case"). A copy of the Petition is attached hereto as Exhibit A.

3

4. Contemporaneously with the Petition, the Debtor filed her Application to Have the Filing Fee Waived ("Application"). A copy of the Application is attached as *Exhibit B*.

5. The Debtor filed her schedules and statement of financial affairs in the Present Case (collectively, the "Required Documents"). However, the Debtor's credit counseling certificate ("Certificate") is not valid pursuant to § 109(h) because it was obtained in 2017. A copy of the Certificate is attached as *Exhibit C*. Despite this fact, the Debtor certified on her petition that she obtained credit counseling within the 180 day period prior to filing. See *Exhibit A*, page 5.

6. Page 3 of both the Petition and the Fee Waiver required the Debtor to list all bankruptcy cases that she had filed within the last 8 years. The only prior cases that the Debtor listed on the Current Petition were 12-19201; 15-28534 and 15-41824. The Debtor's Fee Waiver indicates that she did not file bankruptcy within the previous 8 years. The Debtor signed the Petition and Fee Waiver under penalty of perjury, declaring that all information provided was true and correct. *See Exhibits A and B*.

7. In fact, the Debtor has filed 13 bankruptcy cases since 2012. In addition to the Current Petition, Court records indicate that the Debtor has filed the following previous cases:

| Case No. | Date Filed | Chp. | Disposition | Filing Fees Paid |
|---|---|---|---|---|
| 12-19201 | 05/10/12 | 13 | Dismissed for Failure to Make Plan Payments | $281 |
| 15-28534 | 08/20/15 | 7 | Dismissed for Failure to File Required Documents | $0 |
| 15-41824 | 12/11/15 | 7 | Chapter 7 Discharge Order – Received 3/22/16 | Waiver granted |
| 16-16434 | 05/16/16 | 13 | Dismissed by Court for Failure to Pay Filing Fee | $78 |
| 16-27158 | 08/24/16 | 13 | Dismissed for Failure to Make Plan Payments | $310 |
| 17-16303 | 05/26/17 | 13 | Dismissed by City of Chicago for Bad Faith | $0 |
| 17-19264 | 06/27/17 | 13 | Dismissed for Failure to Make Plan Payments | $310 |

4

| 18-32810 | 11/26/18 | 7  | Dismissed for Failure to File Required Documents | $0 |
| 18-34738 | 12/17/18 | 7  | Dismissed for Failure to File Required Documents | $0 |
| 19-02425 | 01/29/19 | 13 | Dismissed for Failure to File Required Documents | $0 |
| 19-12863 | 05/03/19 | 7  | Dismissed for Failure to File Required Documents | $0 |
| 19-16733 | 06/12/19 | 13 | Chapter 7 that converted to Chapter 13. Dismissed for Failure to Timely Obtain Credit Counsel Certificate | $0 |

8. With the exception of case number 15-41824, all of the Debtor's prior cases were dismissed without a discharge. The majority of those cases were dismissed due to the Debtor's failure to file required documents.

9. Of the prior 11 cases in which the Debtor was required to pay a filing fee, she paid the fee in only three. Additionally, the Debtor has failed to pay the filing fee for the Present Case following the Court's denial of the Fee Waiver. *See* Doc. 10.[1]

10. Significantly, the Debtor received a Chapter 7 discharge in case number 15-41824, filed on December 11, 2015. *See Exhibit D*. Because that case was filed within 8 years before the commencement of the Present Case, the Debtor is ineligible to receive a discharge under Section 727(a)(8) of the Bankruptcy Code.

11. Based on Debtor's repeated refusal to file the Required Documents, file a timely obtained credit counseling certificate, pay filing fees, make plan payments and otherwise prosecute any of these cases, the U.S. Trustee requests that the Present Case be dismissed for cause and with prejudice. The U.S. Trustee further requests that the Debtor be barred from re-filing under any Chapter of title 11 for two years from the date of dismissal of the Present Case.

---

[1] The U.S. Trustee notes that the first payment is not required until September 13, 2019.

## ARGUMENT

### I. This Case Should Be Dismissed For Cause Under § 707(a).

12. Section 707(a) states:

 (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause . . .

13. In the Present Case, the Debtor is ineligible to be a debtor because she failed to obtain the required counseling pursuant to § 109(h). This alone constitutes grounds for dismissal. *See* 11 U.S.C. § 109(h) and *In re* Valdez, 335 B.R. 801, 803 (Bankr. S.D. Fla. 2005). Moreover, cause for dismissal exists based on the Debtor's abuse of the bankruptcy system through her repeated cases wherein she ignored her duties as a debtor, failed to pay filing fees, and prejudice creditors by continuously invoking the automatic stay. The Debtor's concealment of her prior cases and her ineligibility for a discharge in this case under § 727(a)(8) further support cause for dismissal.

14. Thus, the U.S. Trustee respectfully requests this Court enter an order dismissing the Present Case and granting any and all other relief as is necessary and just.

### II. The Debtor Should Be Barred from Filing Another Bankruptcy Case for 2 Years.

15. Section 349(a) of the Bankruptcy Code states:

 (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title. 11 U.S.C. § 349(a).

16. The Seventh Circuit Court of Appeals recognized that a court has discretion, for cause, to dismiss a case with prejudice pursuant to § 349(a). *See In re Hall*, 304 F.3d 743 (7th Cir. 2002). An order dismissing a case with prejudice may "either bar the later dischargeability of debts that would have been dischargeable in the dismissed proceeding, or it may preclude the debtor

from filing a subsequent petition related to those debts." *Id.* According to the Seventh Circuit, dismissal with prejudice is warranted in "extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith." *Id.* at 746 (*citing In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997) (filing six bankruptcy petitions in seven years); *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D. N.Y. 1983)).

17. The U.S. Trustee believes the Debtor's 13 bankruptcy filings over the last 7 years have resulted in an unreasonable delay. Specifically, the Debtor has repeatedly halted creditors' collection efforts, and she has continually converted what would have been nondischargeable postpetition debt into dischargeable prepetition debt by failing to complete one case and simply filing another. Also, the Debtor's failure to pay filing fees and her concealment of her prior cases is sufficient cause for dismissal with prejudice.

18. The Debtor has failed to pay the filing fee for 9 out of 11 cases which required payment of a filing fee. Likewise, 10 of the Debtor's prior cases were dismissed without a discharge, and 6 of those cases were dismissed due to the Debtor's failure to file required documents. The Debtor's persistent noncompliance with her statutory duties evidences a pattern of willful failure to appear before the Court in proper prosecution of her cases.

19. Based on the foregoing, the U.S. Trustee believes that the Debtor's conduct in all of these cases is sufficiently egregious to warrant dismissal of the Present Case with prejudice and the issuance of a two-year bar to refiling. Without the two-year bar, the U.S. Trustee believes that the Debtor's serial filings will continue. *See In re Garcia*, 479 B.R. 488, 497 (Bankr. N.D. Ind. 2012); *Dietrich v. Nob-Hill Stadium Props.*, Slip Copy, 2007 WL 579547 (C.A.6 (Mich.)) ("We conclude that the plain language of section 349(a) appears to allow a bankruptcy court to dismiss a petition with prejudice permanently, if there is sufficient cause"). The dismissal order should direct the Clerk not to accept a petition from the Debtor until expiration of the two year period.

WHEREFORE, the U.S. Trustee requests that the Court enter an order dismissing this case for cause and with prejudice, barring the Debtor from refiling in the Northern District of Illinois for a period of two years, and for any other relief the Court deems proper and just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: August 30, 2019     By: */s/ Roman L. Sukley*
Roman L. Sukley, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3324