UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | Bankruptcy No. 19 B 23136 |
| SABRINA FAY LOFTON, ) | Judge Donald R. Cassling |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO VACATE THE ORDER DISMISSING THE CHAPTER 7 CASE WITH PREJUDICE AND BARRING DEBTOR FROM REFILING ANOTHER CASE FOR TWO YEARS

On September 10, 2019, the Court granted the United States Trustee's motion to dismiss the Debtor's current Chapter 7 case under 11 U.S.C. § 707(a) with prejudice under 11 U.S.C. § 349(a) and to bar her from refiling another bankruptcy case for two years. (Dkt. No. 21.) The Debtor never appealed that order. Instead, she filed two motions to vacate that order, each of which was denied.[1] Finally, she filed her current motion to vacate the order on December 13, 2019. (Dkt. No. 35.) For the following reasons, the Court denies the Debtor's motion.

### BACKGROUND

The United States Trustee (the "UST") alleged the following facts in support of his motion to dismiss; the Debtor has disputed none of them: The Debtor has filed 13 bankruptcy cases since 2012. (Dkt. No. 19, ¶ 7.) The Court's docket shows the following information about the cases filed by the Debtor:

---

[1] The Debtor has filed two other motions to vacate the Court's order. (Dkt. Nos. 27 & 30.) The Court denied each of those motions for reasons set forth on the record. (Dkt. Nos. 29 & 33.) Because this is the third motion to vacate filed by the Debtor, the Court is issuing this written order denying her motion to ensure that there is no ambiguity or confusion about the Court's ruling.

| Case Number | Date Filed | Chapter | Disposition of the Case | Filing Fees Paid |
|---|---|---|---|---|
| 12 B 19201 | 05/10/12 | 13 | Dismissed for failure to make plan payments | $281 |
| 15 B 28534 | 08/20/15 | 7 | Dismissed for failure to file required documents | $0 |
| 15 B 41824 | 12/11/15 | 7 | Chapter 7 discharge received 03/22/16 | Fee waiver granted |
| 16 B 16434 | 05/16/16 | 13 | Dismissed for failure to pay the filing fee | $78 |
| 16 B 27158 | 08/24/16 | 13 | Dismissed for failure to make plan payments | $310 |
| 17 B 16303 | 05/26/17 | 13 | Dismissed on City's of Chicago motion for bad faith | $0 |
| 17 B 19264 | 06/27/17 | 13 | Dismissed for failure to make plan payments | $310 |
| 18 B 32810 | 11/26/18 | 7 | Dismissed for failure to file required documents | $0 |
| 18 B 34738 | 12/17/18 | 7 | Dismissed for failure to file required documents | $0 |
| 19 B 02425 | 01/29/19 | 13 | Dismissed for failure to file required documents | $0 |
| 19 B 12863 | 05/03/19 | 7 | Dismissed for failure to file required documents | $0 |
| 19 B 16733 | 06/12/19 | 13 | Chapter 7 case converted to Chapter 13; dismissed for failure to timely obtain credit counseling certificate | $0 |
| 19 B 23136 | 08/16/19 | 7 | Dismissed for cause including failure to timely obtain credit counseling certificate | $0 |

(*Id.*)

Except for one case—15 B 41824—all of the Debtor's cases were dismissed without a discharge. (*Id.* at ¶ 8.) Most of the cases were dismissed because the Debtor failed to file required documents. (*Id.*) The Debtor paid the filing fee in only three of the cases. (*Id.* at ¶ 9.)

The Debtor filed her most recent case on August 16, 2019. In her filing, she ignored her statutory duty to list all bankruptcy cases she has filed within the past eight years. (*Id.* at ¶ 6.) Rather than list all of the many cases she had filed during that period, she listed only the first three

2

cases she filed—12 B 19201, 15 B 28534, and 15 B 41824. (*Id.*) This failure seriously misrepresented and understated her history as a serial filer of bankruptcy petitions. The Debtor compounded this omission in her motion seeking a waiver of the filing fee. In that motion, she falsely claimed that she had not filed bankruptcy within the previous eight years. (*Id.*) Thus, in addition to omitting truthful facts that she was required to disclose, the Debtor made false statements that were material and that she knew to be false. Finally, the Debtor falsely certified in her petition that she obtained the credit counseling certificate within 180-days prior to filing this case, even though she had not. (*Id.* at ¶ 5.) In his motion to dismiss, the UST argued that these false statements and omissions, when combined with the Debtor's years-long history of filing failed bankruptcy petitions, evidenced the Debtor's extreme bad faith and justified dismissing the present case and barring the Debtor from filing for bankruptcy protection for the next two years. For the reasons set forth below, the Court agrees.

## ANALYSIS

There is no doubt that the Court has the authority to dismiss the Debtor's case for cause. Section 349(a) of the Bankruptcy Code authorizes bankruptcy courts to bar a debtor from refiling for cause, and § 105(a) authorizes courts to "'issue any order . . . that is necessary or appropriate to carry out the provisions of this title . . . or to prevent an abuse of process.'" *B-3 Props., LLC v. Lasco*, 517 B.R. 889, 897 (N.D. Ind. 2014) (quoting 11 U.S.C. § 105(a)). Bankruptcy courts also have discretion, for cause, to dismiss a case with prejudice pursuant to § 349(a). *See In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002). An order dismissing a case with prejudice may "either bar the later dischargeability of debts that would have been dischargeable in the dismissed proceeding, or it may preclude the debtor from filing a subsequent petition related to those debts." *Id.* Dismissal with prejudice is warranted in "extreme situations, such as when a debtor conceals information

3

from the court, violates injunctions, files unauthorized petitions, or acts in bad faith." *Id.* (citing *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997)). "[D]ismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process." *In re Hall*, 258 B.R. 908, 911 (Bankr. N.D. Ind. 2001), *aff'd*, 304 F.3d 743 (7th Cir. 2002).

There is also no doubt that, under appropriate circumstances, the Court has the authority to bar certain debtors from filing new bankruptcy petitions for periods exceeding 180 days. While 180-day bars are the most common time period for such bars,[2] the Seventh Circuit has held that courts may use § 105(a) to impose bars to refiling of longer than 180 days even when a court has made no finding of bad faith. *In re Dempsey*, 247 Fed. Appx. 21, 25 (7th Cir. 2007) (upholding one-year bar to refiling).

The facts of this case abundantly support dismissal of the current case for cause and the imposition of a two-year bar to future filings. The Debtor's conduct in this and her prior 12 cases amounts to the most egregious abuse of the bankruptcy process which this Court has seen. For years, the Debtor has persistently failed to file schedules or other required documents, failed to pay filing fees or make plan payments, and made false statements or omitted to make truthful ones. At the hearing on her first motion to vacate, the Debtor argued that "anyone can make mistakes," but that after 12 prior failed bankruptcies, she finally understood that she needed the help of counsel and deserved a new chance. This Court gave her that chance, asking the UST to sit down with the Debtor to see if the UST was willing to change his position.

Rather than taking advantage of this opportunity, the Debtor failed to appear at the next hearing on the Debtor's motion, which the Court held December 3, 2019. Only the UST appeared.

---

[2] 11 U.S.C. § 109(g).

4

His counsel confirmed that he had met with the Debtor and given her a list of steps she would have to take to change the UST's position, but that she had failed to take any of those steps. The Court asked the UST what his current position was and the UST told the Court that he opposed the Debtor's motion to vacate. Because the Debtor failed to appear and had, on the UST's representation, failed to avail herself of the opportunity extended to her by the Court, the Court denied her motion.

The Debtor then refiled her motion to vacate and the Court heard the matter on December 10, 2019. This time the Debtor appeared, and the Court denied her motion because it agreed with the UST's position that the Debtor had failed to demonstrate that she had not abused the bankruptcy process both in her prior 12 cases and in the current case.

In her current and most recent motion to vacate the Court's dismissal and bar order, the Debtor states that she needs to file for bankruptcy so that she can get her driver's license so she can work to pay her bills. She further states that she will make her payments on time if she is allowed to file for bankruptcy. (Dkt. No. 35.)[3] She also attaches a letter from The Semrad Law Firm, L.L.C. which states that "[o]nce the order vacating dismissal in Mrs. Lofton's most recent bankruptcy is entered, The Semrad Law Firm agrees to represent the Debtor in her subsequent Chapter 7 Bankruptcy." (*Id.*)

The Court finds that the Debtor has failed to demonstrate any basis for vacation of the dismissal and bar order. Based on her past conduct and her failure to capitalize on the "last chance" offered her by the Court, her statements in her most recent motion ring hollow, and the attachment of a letter from a law firm claiming the firm agrees to represent her once the order vacating the

---

[3] The Debtor's arguments here are confusing. For example, the Debtor never explains why her filing for bankruptcy affects her ability to get a driver's license. And, because she is seeking to file a new Chapter 7 bankruptcy case, she never explains what "payments" will be made on time.

5

dismissal is entered do not overcome the weight of her past abuse of the bankruptcy system: The Debtor has filed 13 cases in the past seven years and in only one of those case did she file all of her documents and receive a discharge. The remaining 12 cases were dismissed because the Debtor flouted the requirements of the Bankruptcy Code. Her actions show a complete disrespect for the bankruptcy process and for the Court.

## CONCLUSION

The Court denies the Debtor's motion to vacate the order dismissing her latest bankruptcy case filing with prejudice and barring her from refiling another bankruptcy case under any chapter of title 11 for two years. The Debtor's appropriate remedy if she disagrees with the Court's ruling is to file an appeal, not to file repeated motions to vacate the Court's order. *See In re Gilman*, 2019 WL 3096872, at *11 (B.A.P. 9th Cir. July 12, 2019).

**ENTERED:**

DATE: **DEC 23 2019**

_Donald R. Cassling_ /vc
**Donald R. Cassling**
**United States Bankruptcy Judge**

6